UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL R. HOWELL, | ) | CASE NO. 3:06 CV 2897 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| DEBRA K. HURST, INTERNAL | ) | |
| REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

On December 1, 2006, pro se plaintiff Michael R. Howell filed this civil rights action against Internal Revenue Service (I.R.S.) agent Debra K. Hurst. Mr. Howell claims Ms. Hurst conspired to deprive him of his right to due process in violation of 18 U.S.C. §§242 and 2. He seeks the return of monies he asserts were unlawfully levied against him by the defendant.

*Background*

The relevant facts alleged in the complaint are brief. Claiming that "[i]t is with patriotic concern that [he] . . . make[s] this complaint," Mr. Howell alleges that the defendant "possibly unlawfully levied $1,854.24 in 2005, and . . . is in the process of levying $1,113.52 at

the present time (11/2006)."(Compl. at 1.) He maintains that, in several "American affidavits" he stated that he did not owe anything to the I.R.S. and explained his conclusions of law, a practice to which he asserts a right. His affidavits were, however, "ignored" and he believes he was not afforded due process of law. He claims that he asked the defendant not to ignore 18 U.S.C. § 242 and that "only an Article 3 Judicial Court can make a legal determination against my conclusion of law in favor of defendant's conclusion of law that I owe this money." (Compl. at 1.) Mr. Howell now seeks a judgement against the defendant and an order directing defendant to return the monies levied and to pay court costs.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Lack of Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may

not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94(1998)("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause.")(citation omitted).

*18 U.S.C. § 242*

The statute under which Mr. Howell asserts this court's jurisdiction states, in part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both;

18 U.S.C. § 242. Mr. Howell's attempt to invoke federal jurisdiction based on a criminal statute cannot establish federal jurisdiction over this matter. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993). Therefore, his attempt to pursue a claim against the defendant for a violation of 18 U.S.C. § 242, cannot be done because section 242 provides no basis for a civil cause of action. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir.1980); Dugar v. Coughlin, 613 F.Supp. 849 (S.D.N.Y.1985).

Moreover, his suit against Ms. Hurst as an I.R.S. employee would otherwise fail. Although, by statute, Government employees are provided immunity from suit for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission ... within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), a defendant

3

is not insulated from criminal charges which might be brought under 18 U.S.C. § 242. That fact notwithstanding, because the statute addresses criminal offenses it is a matter that can only be prosecuted by the proper United States authorities and does not permit a private cause of action. See, e.g., Lovelace v. Whitney, 684 F.Supp. 1438 (N.D.Ill.1988); Rynearson v. First National Bank, 602 F.Supp. 1253 (N.D.Ind.1985).

Based on the foregoing, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.